# CASES DETERMINED

IN THE

# SUPREME COURT OF JUDICATURE

OF THE

# STATE OF NEW JERSEY,

AT JUNE TERM, 1856.

---

THE STATE *vs.* THE MORRIS AND ESSEX RAILROAD COMPANY.

1. A railroad company are not justified in building a depot upon a public highway, or so near to it that their trains must injuriously obstruct the public travel.

2. Whether in point of fact, the public highway is injuriously obstructed, and a nuisance thereby created, is a question properly submitted to the jury for their determination.

3. It is a proper instruction to be given to a jury, on an indictment against a railroad company for obstructing a highway with their cars while discharging and receiving freight and passengers, that the right of the public in the highway for the purpose of travel is paramount to the right and convenience of the company for any other purpose than that of transit.

The Morris and Essex Railroad Company was indicted for nuisance.

The case was tried at the Morris Oyer and Terminer, January term, 1856, and a verdict of guilty rendered by the jury. The defendants applied for a rule to show cause

why the verdict should not be set aside, and a new trial granted, on account of misdirection of the jury, in the charge of the court, as to matters of law involved in the issue. The court granted the rule, and ordered that the case should be certified to this court for their advisory opinion.

The following extract from the charge of Ryerson, J., on the trial shows the facts of the case.

" The nuisance complained of is charged to arise from an obstruction of the public highway near to the village of Rockaway, by the defendants, by improperly placing and continuing their cars upon it.

It is insisted, on the part of the defendants, that even if guilty of an obstruction, yet that there has been none, except what was necessary for the transaction of their lawful business, and that, for this purpose, and to this extent, they had a right to obstruct it. The obstruction complained of was caused by cars standing upon the track, where it crossed this highway, while receiving and discharging freight at the Rockaway depot, which is situated at the intersection of the railroad and highway; and it is admitted that the freight could not be received and discharged at this depot without to some extent impeding the public travel, and that the defendants have not wilfully caused any obstruction beyond what their business at this depot required.

This presents an important question affecting the rights of the public, and more or less of all the railroad companies in the state.

This company has lawfully constructed their road in its present location; they had the right, and, in one sense, they owed it as a duty to the citizens of Rockaway and the surrounding country to build a depot there, for the receipt and discharge of passengers and freight; but they were bound so to locate it, that they could receive and discharge freight and passengers without injuriously inter-

fering with the use of the highway by the public. They could not be relieved from this obligation on the ground that the present location is more convenient to themselves and the neighboring inhabitants than any other would be.

The whole community are interested in the highway; every citizen and every traveller has a right to a free passage over it, and their rights, so far as is necessary for the settlement of this case, are paramount to the rights and convenience of the company, and of the inhabitants of Rockaway and its vicinity.

But if the nature of the ground was such that the company could not obtain any other location, then, perhaps, a different rule might apply, and give them the right to leave their cars across the highway so long as was necessary to receive and discharge passengers and freight, but no longer; and, perhaps, they might have a similar right if the expense of a different location would be so great that in the opinion of a jury it would be unreasonable and unjust to require it of them.

In this case, there is no evidence to show that the defendants cannot, either on account of the nature of the ground or of great and unreasonable expense, locate their depot so far from the highway, that they could receive and discharge passengers and freight without obstructing it.

If, then, they have during the time laid in the indictment, *viz.*, between the 1st of January, 1855, and the first day of the last term of this court, obstructed this highway, in the manner charged in the indictment, to such an extent as injuriously to interfere with its use by the public, they are guilty of the nuisance complained of.

The mere fact, that the cars stood across the highway, would not be sufficient, unless thereby those using it were interrupted and hindered. The *gist* of the complaint is, that travellers and others, using the highway, were interrupted, hindered, and delayed. A few occasional instances of such interruption and hinderance, for a few moments

at a time, would not be sufficient to constitute a nuisance, it must be a thing of frequent and habitual occurrence.

This is a question of fact exclusively for your determination, and if from the evidence you are satisfied that the public have thus been frequently and habitually interrupted by the defendants in the use of this highway, during the the time and in the manner complained of in the indictment, then they are guilty of a nuisance ; if the evidence does not satisfy you of that fact, then they ought to be acquitted."

In this charge the defendants insist that the law was not fairly stated.

The case was argued at February term, 1856, before the CHIEF JUSTICE, and Justices OGDEN, ELMER, and HAINES, by *Whelpley* and *Whitehead*, for defendants, and *Dalrymple* and *Dilts*, for the state.

*Whelpley* and *Whitehead* cited charter of the company, *Pamph. L.* 1835 ; 1 *Serg. & R.* 319, *Commonwealth* v. *Passmore ;* 1 *Denio* 525, *People* v. *Cunningham.*

*Dalrymple* and *Dilts* cited *Pamph. L.* 1851, *p.* 31 ; *Wharton's Cr. L.* 706 ; *Rex* v. *Russell,* 6 *East* 427 ; *Rex* v. *Cross,* 3 *Camp.* 227 ; *People* v. *Cunningham,* 1 *Denio* 524 ; 2 *Parsons on Contracts* 18 ; 11 *Peters* 544 ; *Wharton's Cr. L.* 699, 700, 706 ; *Rex* v. *Ward,* 4 *Ad. & El.* 384 ; *Rex* v. *Morris,* 1 *Barn. & Ad.* 441 ; 1 *Dall.* 150.

The CHIEF JUSTICE delivered the opinion of the court.

The complain against the charge to the jury is, that it places the rights of the company upon too narrow ground.

1. In holding that the company, by virtue of their charter, occupies no other or higher ground than other citizens.

2. In declaring that the rights of other persons, upon the highway, are paramount to the rights of the company.

1. The charge neither expressly nor by fair implication denies to the defendants the full exercise of their corporate rights and franchises. It nowhere calls in question the general principle, that the legislature, in the grant of a franchise, must be presumed to have granted all the powers and privileges necessary to carry into effect the powers granted. Nor does it deny that the legislature may by law authorize an act to be done which would otherwise be a nuisance. But before these principles can at all avail the defendants in making their defence, it must be shown that it was necessary for the enjoyment of their franchise, that the company should permit their cars to stand in the highway.

It is admitted, indeed, that the freight could not be received and discharged at the Rockaway depot, in its present location, without to some extent impeding the public travel, and that the defendants have not wilfully caused any obstruction beyond what their business at thi depot required. The necessity of obstructing the highway results not from the exercise of their corporate rights, but from the improper location of their depot. A station house and freight depot may be necessary to the operations of the company. It may be necessary that the cars should stand half an hour, or an hour, to receive and discharge freight. But there is no necessity that the depot should be so located as to cause an obstruction of the highway by the cars. The company cannot, by their own imprudence, create a necessity for the obstruction, and then justify the nuisance on the ground of the necessity which they have created. Because a depot is necessary to the operations of the company, they are not therefore justified in building it upon the highway, or so near it that their trains must injuriously obstruct the public travel. The fallacy of the argument on the part of the defendants consists in assuming that placing the depot in its present location was a matter of necessity. There is no evidence

to support the assumption. The location of the depot was obviously not a matter of necessity, but of convenience. The judge expressly instructed the jury, that if the company could not obtain another location, a different rule might apply.

2. It is said the charge is erroneous in stating that the rights of other persons upon the highway are paramount to the rights of the company. The precise language of the charge is—"The whole community are interested in the highway. Every citizen and every traveller has a right to a free passage over it; and their rights, so far as is necessary for the settlement of this case, are paramount to the right and convenience of the company, and of the inhabitants of Rockaway and its vicinity." The right of the company, under their charter, to use the public highway for the mere purpose of transit, was not the matter in question. That was not necessary for the settlement of this case. No comparison, therefore, was made, or intended to be made, between the rights of the public and the rights of the company to the use of the highway for the purpose of passage. It had previously been stated by the judge, in his charge, that the company had a right to construct a depot; that, in one sense, it was a right of the citizens of that neighborhood to have a depot, and that it might be a convenience to the company and the inhabitants of that vicinity to have it in the spot where it was located; but that the company were bound so to locate the depot that they could receive and discharge freight and passengers without injuriously interfering with the use of the highway by the public. And in this sense, the right of the public in the highway for the purpose of travel was paramount to the right and convenience of the company and the inhabitants of that vicinity, in the location and construction of their depot.

Whether the cars did, in point of fact, injuriously obstruct the public travel, and thereby become a nuisance,

was a question of fact, which was properly submitted to t e jury for their determination.

There was no misdirection in the charge. The law was fairly stated, and in a mode of which the defendants have no ground to complain.

The Oyer and Terminer should be advised accordingly.